IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION
1333 H Street, NW
Washington, DC  20005
    Plaintiff,

v.

U.S. DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue, NW
Washington, DC  20220
    Defendant.

Civil Action No.

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Democracy Forward Foundation brings this action against Defendant U.S. Department of the Treasury ("Treasury Department" or "the agency") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  In violation of its legal obligations, the Treasury Department has refused to release information about, among other things, closed door meetings the Trump Administration has held with outside interest groups to solicit advice on its proposed tax plan.  The Department's refusal to release this information is particularly concerning given that these interest groups may be influencing changes to the tax code for their own benefit while shielded from public scrutiny, and because the few specifics that have emerged about the Administration's tax plan indicate that lower- and middle-income Americans will face tax increases, notwithstanding the President's campaign promise to cut taxes for the middle class.

Plaintiff filed its FOIA request on July 25, 2017, following then-White House Press Secretary Sean Spicer's statement that the Administration had conducted "hundreds, if not close to a thousand listening sessions" with interest groups concerning changes to the tax code.  The agency has not produced documents in response to Plaintiff's FOIA request.

Indeed, notwithstanding that FOIA's deadlines have passed, the Treasury Department's plan is not to release any records while the tax debate and legislative consideration proceeds. When contacted by Plaintiff in late September, two days after President Trump gave a speech outlining his most recent tax overhaul plan, the Treasury Department advised Plaintiff to call back in 90 days—after the tax debate is expected to be over and a new tax law enacted.

The "basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  The Trump Administration should not be permitted to withhold information from the public in order to conceal what special interests are influencing President Trump's tax policies that will affect all Americans.  Accordingly, Plaintiff brings this suit to compel compliance with the FOIA.

## Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

3. Because Defendant has failed to comply with the applicable time limit provisions in FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

**Parties**

4. Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

5. Defendant U.S. Department of the Treasury is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), that is headquartered in Washington, D.C. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

**Background**

6. Virtually all Americans will pay taxes. Over his or her working life, an American at the average income level will pay approximately $355,000 (adjusted for inflation) in federal income taxes.[1]

7. The structure of the tax code – including the types of incentives it creates and who it benefits – affects nearly every person and business in the United States.

8. During his campaign and now in office, President Trump has refused to release his personal tax returns, making him the only sitting President in 40 years not to have released his returns.[2] He also has stated that not paying taxes makes him "smart."[3]

---

[1] Richard Barrington, *How Much Will You Pay in Taxes over Your Lifetime?*, Forbes, Mar. 17, 2011, https://www.forbes.com/sites/moneybuilder/2011/03/17/how-much-do-you-pay-in-taxes-over-your-lifetime/#6f8e838c6e95.
[2] Jill Disis, *Presidential Tax Returns: It Started with Nixon. Will It End with Trump?*, CNN, Jan. 26, 2017, http://money.cnn.com/2017/01/23/news/economy/donald-trump-tax-returns/index.html.
[3] Danielle Diaz, *Trump:"I'm Smart" for Not Paying Taxes*, CNN, Sept. 27, 2016, http://www.cnn.com/2016/09/26/politics/donald-trump-federal-income-taxes-smart-debate/index.html.

9. Notwithstanding this indifference to tax obligations, President Trump and his Administration have vowed to overhaul the U.S. tax code.[4] At the same time, President Trump has repeatedly promised to cut taxes for middle and working class wage earners.[5]

***Trump Administration's First Tax Reform Plan***

10. On April 27, 2017, the White House released a one-page plan to overhaul the U.S. tax system. With scant detail as to how it would be accomplished, the document stated that the President's tax proposal would "[p]rovide tax relief" to "middle-income families."[6]

11. The document further stated that "[t]hroughout the month of May, the Trump Administration will hold listening sessions with stakeholders to receive their input" on a tax plan.[7]

12. Secretary of the Treasury Steven Mnuchin and Director of the National Economics Council ("NEC") Gary Cohn described various aspects of the one-page plan at a White House press briefing and called it a "historic" day.[8]

---

[4] Damian Paletta, *White House Unveils Dramatic Plan to Overhaul Tax Code in Major Test for Trump*, Wash. Post, Apr. 26, 2017, https://www.washingtonpost.com/business/economy/trump-to-unveil-proposal-for-massive-tax-cut/2017/04/26/2097fe42-2a94-11e7-be51-b3fc6ff7faee_story.html?utm_term=.bfd5d9f17e9e.

[5] Tony Nitti, *Trump's "Massive" Middle-Class Tax Cuts Are Tiny Compared to Those Promised to the Rich*, Forbes, Mar. 1. 2017, https://www.forbes.com/sites/anthonynitti/2017/03/01/president-trump-promises-massive-middle-class-tax-cuts-but-will-he-deliver/#165329cd6b9e (discussing President Trump's promise to "provide massive tax relief for the middle class").

[6] *The 1-page White House Handout on Trump Tax Proposal*, CNN, Apr. 26, 2017, http://www.cnn.com/2017/04/26/politics/white-house-donald-trump-tax-proposal/index.html (attaching one-page tax plan document).

[7] *Id.*

[8] White House, Briefing by Secretary of Treasury Steven Mnuchin and Direct of the National Economic Council Gary Cohn (Apr. 26, 2017), https://www.whitehouse.gov/the-press-office/2017/04/26/briefing-secretary-treasury-steven-mnuchin-and-director-national.

13. Analysis of the one-page Trump tax plan revealed that it would overwhelmingly benefit the top 0.1% of wealthiest Americans.[9] According to one report by the nonpartisan Tax Policy Center, the tax plan would lead to tax *increases* for low and middle-income Americans.[10]

14. Indeed, when asked if he could guarantee that no one in the middle class would pay more taxes under the Trump Administration's plan, Secretary Mnuchin declined to make that guarantee.[11]

***Trump Administration Holds Closed Door Listening Sessions***

15. On July 17, 2017, White House Press Secretary Sean Spicer stated that "[w]e've had well into the hundreds, if not close to a thousand listening sessions with different entities."[12] The Trump Administration has not released the basis for Mr. Spicer's statement, nor has it released a list of the "hundreds" of entities and special interest groups with whom it has had listening sessions. This failure to release information effectively shields from the public who has influenced the Trump Administration in shaping tax legislation and how they have done so.

***Plaintiff's Freedom of Information Act Request Seeking Information Regarding Special Interest Groups Reforming the Tax Code Behind Closed Doors***

16. Given that tax reform will affect nearly every person and business in America, the public deserves to know the full details of listening sessions and meetings conducted by the Trump Administration. Accordingly, on July 25, 2017, Plaintiff submitted a targeted FOIA

---

[9] Howard Gleckman, *A Tax Plan Consistent with Trump's April Outline Could Cut Revenue by Up To $7.8 Trillion*, Tax Policy Ctr., Jul. 12, 2017, http://www.taxpolicycenter.org/taxvox/tax-plan-consistent-trumps-april-outline-could-cut-revenue-78-trillion (discussing "highly regressive" impacts of the April tax outline).
[10] *Id*.
[11] Morgan Winsor, *Treasury Secretary Steve Mnuchin Can't Guarantee Middle Class Wouldn't Pay More under Tax Plan*, ABC News, Apr. 27, 2017, http://abcnews.go.com/Politics/treasury-secretary-steve-mnuchin-guarantee-middle-class-pay/story?id=47051355.
[12] White House, Press Briefing by Secretary Sean Spicer (Jul. 18, 2017), https://www.whitehouse.gov/the-press-office/2017/07/17/press-briefing-press-secretary-sean-spicer-7172017-58.

request in order to identify the individuals and special interest groups who are influencing Trump Administration tax policy out of public view.

17.     Plaintiff's FOIA request sought access to the following records for the time period of January 20, 2017 to the date the search is conducted:

- All calendars including meetings and listening sessions on tax reform by Secretary Mnuchin, Justin Muzinich, and all other members of the Office of Secretary[,] including and not limited to meetings with Gary Cohn, Shahira Knight, [M]embers of [C]ongress, and outside stakeholders.

- All correspondence and records relating to tax reform by members of the Office of Secretary, including any material prepared before or in response to meetings and listening sessions. Correspondence searches should include communications between members of the Office of Secretary, and Gary Cohn, Shahira Knight, members of congress, and outside stakeholders.

- Any list of tax reform meetings, listening sessions, or similar events, as well as any list of participants of said meetings, any agendas or schedules for those meetings, and any minutes or summaries of those meetings or memoranda summarizing those meetings.

- All correspondence, attachments, and records regarding tax reform that were either sent to, received by, or otherwise involve David K[a]utter, nominated to serve as Assistant Secretary on Tax Policy.

- All records from outside stakeholders regarding potential proposals for tax reform received by the Treasury Department as part of its meetings and listening sessions.

18. A copy of the July 25, 2017 request is attached hereto as Exhibit A and incorporated herein.

19. Plaintiff's July 25 FOIA request further sought a waiver of all fees associated with the request.

20. On August 8, 2017, the Treasury Department informed Plaintiff by letter that it had initiated a search for the requested records and that because the request involved "unusual circumstances," FOIA allows the agency to take an additional ten days to process the request.

21. A copy of the August 8, 2017 letter is attached hereto as Exhibit B and incorporated herein [August 8 letter].

22. The August 8 letter further informed Plaintiff that the Treasury Department had granted Plaintiff's request for a fee waiver and "would make every effort" to transmit its final response "free of charge."

23. As detailed more fully below, the Treasury Department has not produced any documents in response to Plaintiff's request, nor has it otherwise complied with the FOIA.

***The Trump Administration Unveils Another Tax Plan and Continues to Withhold Information from the Public***

24. In the time since Plaintiff submitted its FOIA request, the Trump Administration has continued to hold closed door meetings regarding tax reform.

25. President Trump has stated repeatedly that tax reform will be completed by the end of the calendar year.

26. On September 12, 2017, Republican Congressional leaders stated that they had a plan to release a tax reform framework the week of September 25, 2017.

27. On September 27, 2017, President Trump gave a speech in Indiana regarding plans to overhaul the tax code.  During the speech, President Trump touted that he would create

the "largest tax cut in . . . history," but still provided no guarantees that tax burdens for middle class Americans would not be increased.[13]

28. Two days after President Trump's speech, on September 29, 2017, a representative at the Treasury Department advised, in response to an inquiry on behalf of Plaintiff, that Plaintiff call back in ninety days—i.e., at the end of the year after the tax reform debate is over.

29. Notwithstanding the statutory obligation to make a determination on Plaintiff's request within 20 working days, or when there are "unusual circumstances," within 30 working days, Defendant has made no determination on Plaintiff's request, nor has the agency produced any materials in response to that request.

30. Through Defendant's failure to respond within the statutory time limit, Plaintiff has constructively exhausted its administrative remedies and seeks immediate judicial review.

## Claim for Relief

### Count One (Violation of FOIA, 5 U.S.C. § 552)

31. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. By failing to respond to Plaintiff's request within the statutorily prescribed time limit, Defendant has violated its duties under 5 U.S.C.§ 552, including but not limited to the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

---

[13] Maureen Groppe, *In Indiana, Trump Promises "Revolutionary Change" to Tax Code*, USA Today, Sept. 27, 2017, https://www.usatoday.com/story/news/politics/2017/09/27/trump-unveil-roadmap-tax-plan-indiana-speech/708441001/; Glenn Thrush & Alan Rappeport, *Trump to Propose Sweeping Tax Cut for Corporations and Individuals*, N.Y. Times, Sept. 26, 2017, https://www.nytimes.com/2017/09/26/us/politics/trump-tax-cut-corporations-individuals.html.

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request using search methods reasonably likely to lead to discovery of all responsive records;

2. Order Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. Enjoin Defendant from continuing to withhold any and all non-exempt responsive records;

4. Order Defendant to grant in full Plaintiff's request for a fee waiver;

5. Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

6. Grant any other relief this Court deems appropriate.

Dated: October 31, 2017

                                          Respectfully submitted,

Skye L. Perryman
Josephine Morse* *pro hac vice application forthcoming*
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
sperryman@democracyforward.org
jmorse@democracyforward.org

*Admitted in New York; practicing under the supervision of members of the D.C. Bar while D.C. Bar application is pending.